134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry CARTWRIGHT, Plaintiff-Appellant,
v.
Carl SPARKS; Harris; Sullivan; Cook; Isaac; Sgt. Sneed;
Henderson, Detention Officer, Defendants-Appellees.
 No. 96-17205.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Henry Cartwright, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of prison officials in Cartwright's 42 U.S.C. § 1983 action claiming constitutional violations stemming from his placement in a suicide watch cell. We have jurisdiction pursuant to 28 U.S.C. 1291. We review de novo both the grant of summary judgment and the dismissal pursuant to Fed.R.Civ.P. 12(b)(6), see Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam). We affirm in part, vacate in part, and remand.
 
 
 3
 Cartwright contends that the district court erred by dismissing with prejudice his claim of deliberate indifference to his serious medical needs pursuant to Fed.R.Civ.P. 12(b)(6). This contention lacks merit for the reasons set out in the magistrate judge's opinion filed February 14, 1996.
 
 
 4
 Cartwright contends that the district court erred by granting defendants summary judgment based on qualified immunity as to Cartwright's Eighth Amendment unconstitutional conditions claims. This contention has merit. Because Cartwright submitted a declaration that the suicide watch cell was unsanitary and infested with vermin, he demonstrated a genuine issue of material fact defeating defendants' motion for summary judgment. See Celotex Corp. v. Cattrett, 477 U.S. 317, 322-23 (1986); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.), cert. denied, 116 S.Ct. 306 (1995).
 
 
 5
 Cartwright also contends that the district court erred by granting the summary judgment motion before he completed discovery. However, since the summary judgment concerned the threshold issue of immunity, the district court appropriately determined that discovery should not proceed. See DiMartini v. Ferrin, 889 F.2d 922, 925-26 (9th Cir.1989).
 
 
 6
 The parties shall bear their own costs on appeal.
 
 
 7
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3